## LABAR vs. MOYER.

A suit in ejectment may be well commenced under the existing judiciary system and laws, by specifying a day in the notice, when the declaration will be filed, &c., in some term at which the court would have power to make the special order required by the 15th section 2 R. S., 305, to wit: *Special* or general term of the court.

In cases where service of the declaration is personal, the rule to plead may be entered after the day specified in the notice, in *vacation* as well as in term.

*Niagara Special Term, Oct.* 1847.—*Motion by Defendant to set aside declaration and proceedings in Ejectment.*—The land in question lay in Niagara county, and the venue was laid there. The notice subjoined to the copy declaration served, stated that the declaration would be filed on the 6th day of Sept. 1847, and in other respects conformed to the statute. On the 6th September, a special term of this court was held in Erie county; on the 7th, the Plaintiff filed in the office of the clerk of Niagara county an affidavit of personal service of the declaration and notice, entered the usual rule, and on the 29th entered the Defendant's default for want of a plea. The Defendant moved to set aside the declaration and proceedings, on the ground that no term of this court was held in Niagara county on the 6th day of September.

J. C. MURRAY, *for Deft.*

P. L. ELY, *for Plff.*

SILL, Justice.—The Revised Statutes (2 R. S. 305, § 12,) require the Plaintiff in an ejectment suit to subjoin to the copy of the declaration served, a notice stating that the declaration will be filed on some day in the then next term of the court in which the suit is brought, specifying such day, or if the same is served during any term of the court that it will be filed on some day in such term, specifying the same. That on filing the same a rule will be entered requiring the Defendant to appear and plead to the declaration, &c.

The 16th section authorizes the Plaintiff on the day specified in such notice for that purpose, or on some other day thereafter, upon filing the

declaration with an affidavit of due service of a copy thereof and of the notice before mentioned, to enter the rule to appear and plead. The section as originally reported by the revisers, provided that upon filing the evidence of service, a rule to appear and plead might be entered on the day specified in the notice, or on some other day *in the same term.* The Legislature struck out the words "in the same term," and inserted "thereafter," showing, I think, that in cases where the service is personal, the rule may be entered after the day specified in the notice, in vacation as well as in term, thus far similating these proceedings with those in personal actions. It would seem, therefore, that the object of the Legislature in prescribing one form of practice in ejectment cases and another in personal actions, was to provide for those cases in eject-ment where personal service of the declaration was not obtained. The 15th section of the act declares that where the declaration shall have been served in any other manner than upon the Defendant personally, no rule to plead shall be entered without the special order of the court. Requiring a day in term to be specified in the notice, if I understand the object rightly, was to fix the time when application should be made to the court for a special rule to plead in cases where the service was not personal, and my conclusion is, that a suit in ejectment may be well commenced under the existing judiciary system and laws, by specifying a day in the notice, in some term at which the court would have power to make the special order required by the 15th section.

By the 57th general rule of the court, motions for rules to plead in ejectment may be made either at a general or special term.

It is not necessary to decide in this case, whether the venue in the cause, or the residence of the parties will determine, under the 51st section of the Judiciary Act, where this motion must be made. The affidavits do not show where the parties reside, and I am not to assume them non-residents of Niagara county for the purpose of making the proceedings irregular. Erie and Niagara are adjoining counties, and if a special order to plead in this case had been required, the court sitting as a special term in Erie county had power to grant it. The suit is well commenced, and the proceedings regular. The case of *Knapp* v. *Pults,* 3 Howard's Pr. R. 53, is cited as authority for Defendant. As I understand that case, the only question there presented was, whether a declaration in ejectment was process, within the meaning of the 57th section of the Judiciary Act, so far as to dispense with the necessity of specifying a day in term when it should be filed. After disposing of this question, Mr. Justice HARRIS remarked upon the difficulty of adapting the provisions of the Revised Statutes in all cases to the new judi-

ciary system, and adds: " It is, however, safe to say, that the requirements of the statute in relation to the commencement of the action of ejectment would be satisfied by specifying in the notice to be subjoined to the declaration, some day in the next general term of the court in the county in which the declaration is to be filed. I am inclined to think this is the only way in which the requirements of the statute can be satisfied, though I am not prepared to say that it may not be sufficient to name a day in the next special term to be held in the county." With the highest respect for the opinions of the learned Justice, I think these remarks were not necessary to the decision of the case before him, nor does it appear to me that he designed them as a decision of the question which is presented by the case under consideration..

The motion is denied with costs—but the Defendants swear to merits, the default must therefore be opened with leave to plead in ten days.